UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON KEITH JONES, | ) | CASE NO. 5:15-cv-1858 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WAYNE COUNTY COURT OF COMMON PLEAS, CLERK OF COURTS, *et al.,* | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Jason Keith Jones has filed this *in forma pauperis* civil action for damages against the Wayne County Court of Common Pleas Clerk of Courts and Tim Neal. He has not paid the filing fee but has filed an application to proceed *in forma pauperis*. (ECF No. 2.) His application to proceed *in forma pauperis* is granted; however, his action is dismissed.

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), federal district courts are required by 28 U.S.C. § 1915(e)(2)(B) to screen and dismiss before service any *in forma pauperis* action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). In order to state a claim on which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)).

Even construed liberally, plaintiff's complaint does not contain allegations reasonably suggesting he has any plausible federal civil claim against the defendants. *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether a complaint states a claim for relief). The complaint, which is captioned as a "Motion for Common Law Action Against Trespass of Rights and Property," sets forth pages of incoherent and incomprehensible legal assertions. The only discernible allegations against defendants in the complaint are assertions that they conspired to "trespass the Plaintiff" by refusing to file his "Common Law Liens" in the Wayne County Court of Common Pleas. (ECF No. 1 at 8.) These allegations, however, are insufficient to suggest a valid civil claim for damages against the defendants over which this Court has jurisdiction. Although a *pro se* litigant is not held to the same standard as a lawyer, a *pro se* plaintiff must still meet basic pleading requirements, and the court is not required "to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579 (6th Cir. 2001).

Accordingly, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: November 24, 2015

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**